IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUGGED CROSS HUNTING BLINDS, LLC,

                    Plaintiff,

            v.

FERADYNE OUTDOORS, LLC,

                    Defendant.

ORDER

22-cv-0690-jdp

---

RUGGED CROSS HUNTING BLINDS, LLC,

                    Plaintiff,

            v.

FERADYNE OUTDOORS, LLC and
DBR FINANCE INC., f/k/a/ OUTDOOR
PRODUCT INNOVATIONS, INC.,

                    Defendants.

ORDER

23-cv-0756-jdp

---

Plaintiff Rugged Cross Hunting Blinds, LLC, is the owner of United States Patent No. 11,399,535, which relates to a mesh material used in hunting blinds. Dkt. 1. It filed this action against Feradyne Outdoors, LLC, accusing Feradyne of infringing the '535 patent by selling a hunting blind called the "Rhino 180." Rugged Cross later filed an unopposed motion to join as a defendant DBR Finance, Inc., (previously known as Outdoor Product Innovations, Inc.), whom plaintiff alleged was the original owner and manufacturer of the Rhino 180 blinds before selling its business assets, including some 20,000 Rhino 180 blinds, to Feradyne in October 2022. Plaintiff accuses DBR of infringing the patent for roughly a three-month period from August 2, 2022, the date the patent issued, through at least October 24, 2022, the date Feradyne acquired DBR's assets.

As plaintiff now concedes, it can't sue DBR in this court because DBR's "regular and established place of business" is in the Northern District of Ohio. *See* 28 U.S.C. § 1400(b) (venue in patent infringement suit proper only where defendant resides or where it has committed acts of infringement and has a regular and established place of business). To solve the venue problem, the parties previously filed a joint motion to transfer the claims against DBR to the Northern District of Ohio, relying on 28 U.S.C. § 1404(a). Dkt. 50. This court granted the motion. Dkt. 51. But the district court for the Northern District of Ohio returned that portion of the case to this court, concluding that § 1404(a) was not the proper procedural vehicle for transferring plaintiff's claims against DBR. The clerk of court docketed the returned part as Case No. 23-cv-756.

The parties now jointly propose that the court sever the claims against DBR under Fed. R. Civ. P. 21, open a new case between Rugged Cross and DBR, and then transfer that case to the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a). Dkt. 68 in the '756 case. As other courts have found, severance and transfer is one procedural tool available to solve the venue problem posed by this situation. *See Nuhn Indus. LTD v. Bazooka Farmstar LLC*, 21-cv-1322-bhl, 2022 WL 816583, *3 (E.D. Wis. March 17, 2022); *CAO Lighting, Inc. v. Light Efficient Design*, No. 4:16-cv-0482-DCN, 2017 WL 4556717, at *5 (D. Idaho Oct. 22, 2017). It's reasonable to employ it here. Plaintiff's infringement allegations against DBR, while involving the same patent and the same accused product, are separate and discrete from those against Feradyne. Dkt. 27, at 9-11. The duplicative infringement claims obviously favor joinder, but that's not an option: plaintiff's case against Feradyne can only proceed in this district, and its case against DBR can only proceed in the Northern District of Ohio. Further, neither DBR nor Feradyne has objected to this approach. Accordingly, the court will exercise its discretion to

2

sever the claims against DBR and transfer them to the Northern District of Ohio. *See Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21 . . . As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it."); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (transfer rather than dismissal of an action that could be brought elsewhere is ordinarily in the interest of justice).

Allowing plaintiff to proceed against Feradyne and DBR based on the same claims of patent infringement simultaneously in different courts poses the risk of inefficiency and inconsistent verdicts. But the parties have advised that they do not intend to seek a stay, at least from this court. Accordingly, the court will not issue one. Plaintiff's case against Feradyne, 22-cv-690, shall proceed according to the schedule previously established by the magistrate judge. Dkt. 48. Whether the Northern District of Ohio determines that it should stay the case against DBR until this court resolves plaintiff's claims against Feradyne is a matter for that court.

ORDER

IT IS ORDERED that:

1. Rugged Cross's patent infringement claim (Count II) against DBR is severed from this action. Those claims shall proceed under Case No. 23-cv-756, which the clerk has already set up, and which already contains the docket entries from the original case, 22-cv-690.

2. The Clerk of Court is directed to transfer case 23-cv-756 to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1406(a).

3. Rugged Cross's case against Feradyne, 22-cv-690, shall proceed according to the schedule previously established by the magistrate judge.

3

Entered November 15, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4