UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUGGED CROSS HUNTING BLINDS, LLC, | ) ) ) | Case No. 1:23-cv-02231 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | Magistrate Judge James E. Grimes, Jr. |
| DBR FINANCE, INC., | ) ) | |
| Defendant. | ) ) ) | |

# OPINION AND ORDER

In this patent infringement action, Plaintiff Rugged Cross moves for leave to amend its complaint to add a claim of indirect patent infringement against Defendant DBR Finance. (ECF No. 74.) Also, Defendant moves to stay this litigation pending *inter partes* review. (ECF No. 78.) Each party opposes the other's motion. For the following reasons, the Court **DENIES** DBR Finance's motion to stay and **GRANTS** Rugged Cross's motion for leave to amend.

## STATEMENT OF THE CASE

Since August 22, 2022, Rugged Cross has owned a patent for a proprietary camouflage mesh material used in hunting blinds—U.S. Patent No. 11,399,535. (ECF No. 27, ¶¶ 1, 22, PageID #231, 235.) In 2020, DBR Finance began to sell the Rhino 180 Hunting Blind, a product that allegedly incorporated Rugged Cross's proprietary mesh material. (*Id.*, ¶ 31, PageID #237–38.) In October 2022, Feradyne Outdoors,

LLC acquired some of DBR Finance's assets—including the Rhino 180 Hunting Blind. (*Id.*, ¶¶ 32–33, PageID #238.)

## A. Litigation in the Western District of Wisconsin

In December 2022, Rugged Cross commenced this action in the Western District of Wisconsin against Feradyne, accusing Feradyne of patent infringement. (ECF No. 1; ECF No. 14.) During discovery, Rugged Cross received an asset purchase agreement from Feradyne that, according to Rugged Cross, supported adding a claim of direct patent infringement against a second defendant, DBR Finance. (ECF No. 74, PageID #227.) The purchase agreement purportedly stated that DBR Finance was to provide certain transition services to Feradyne and would indemnify and defend Feradyne against Rugged Cross's patent infringement claim. (ECF No. 88-1, PageID #432–33; ECF No. 88-2, PageID #463–64.) DBR Finance disputes Rugged Cross's characterization of its relationship with Feradyne. (ECF No. 91, PageID #509.)

In June 2023, Rugged Cross and Feradyne jointly moved to add DBR Finance as a defendant. (ECF No. 24; Order, June 20, 2023.) The federal court in Wisconsin granted the motion, construing it as a motion for leave to amend the complaint under Rule 15. (Order, June 20, 2023; *see also* ECF No. 27.) The Western District of Wisconsin advised the parties that "[a]fter DBR [Finance] becomes a party, the parties may ask for schedule adjustments upon a showing of good cause." (Order, June 20, 2023.) At that time, the case management schedule had a deadline of March 31, 2023 for amendments to the pleadings. (ECF No. 20, PageID #188.) After DBR Finance joined the suit, the Western District of Wisconsin struck the existing case management schedule at the parties' request. (ECF No. 31; Order, Aug. 7, 2023.)

2

On August 28, 2023, DBR Finance moved to dismiss the claim against it for improper venue. (ECF No. 35; ECF No. 36.) On September 25, 2023, the Western District of Wisconsin entered an amended scheduling order, which did not speak to an extension of the deadline for amending the pleadings. (*See* ECF No. 48; *see also* ECF No. 44.)

On September 26, 2023, Rugged Cross moved for leave to amend its complaint to add a claim against DBR Finance for indirect patent infringement. (ECF No. 49.) On October 2, 2023, Rugged Cross and DBR Finance jointly moved to transfer only DBR Finance to the Northern District of Ohio under 28 U.S.C. § 1404(a). (ECF No. 50.) The federal court in Wisconsin granted the motion, transferred DBR Finance, and denied Rugged Cross's motion to file a third amended complaint as moot. (ECF No. 51.)

### B. Litigation in the Northern District of Ohio

Upon transfer, the Court ordered the parties to file a status report explaining the case's background and procedural history. (ECF No. 57.) Based on a review of the record and the parties' status report, the Court had "grave doubts" as to the propriety of the transfer and held a status conference to discuss the issue. (ECF No. 63; Order, Oct. 27, 2023.) Ultimately, the Court determined that the transfer of only DBR Finance under Section 1404(a) was procedurally improper. (*See* ECF No. 65.) Then, the Court *sua sponte* transferred the case back to the Western District of Wisconsin for further proceedings in the initial action. (ECF No. 66.)

On November 10, 2023, Rugged Cross and DBR Finance stipulated that the Northern District of Ohio is the proper venue for claims asserted against DBR

3

Finance and that those claims should be "formally severed from the initial action" and "transferred as a separate case." (ECF No. 68, PageID #599.) On November 15, 2023, the Western District of Wisconsin severed and transferred the claims against DBR Finance to the Northern District of Ohio, creating this separate action. (ECF No. 69.)

Upon re-transfer of the case, Rugged Cross moved for leave to amend the complaint to add a claim of indirect patent infringement against DBR Finance. (ECF No. 74.) Then, DBR Finance moved to stay the proceedings pending resolution of *inter partes* review of the '535 patent. (ECF No. 78; ECF No. 79.) On December 8, 2023, DBR Finance submitted its petition for *inter partes* review of all claims of the '535 patent. (ECF No. 79, PageID #293.) The Patent Trial and Appeal Board has not yet accepted the petition for review but is expected to do so within the next six months. (*Id.*)

On December 28, 2023, the parties submitted their Rule 26(f) report which agreed to a March 30, 2024 deadline for amendments to the pleadings. (ECF No. 83, PageID #324.) The parties have engaged in no discovery beyond the exchange of initial disclosures. (*Id.*, PageID #314.)

  **C.**  **Related Litigation**

In addition to this case and the action in the Western District of Wisconsin, two other patent infringement cases involve the '535 patent. *See Good Sportsman Marketing, LLC v. Rugged Cross Hunting Blinds LLC*, No. 4:23-cv-03243 (S.D. Tex.); *Rugged Cross Hunting Blinds, LLC v. Good Sportsman's Marketing, LLC, et al.*, No. 4:24-cv-00242 (S.D. Tex.). Also, DBR Finance is involved in an arbitration with

4

a third party, Tru-View, LLC, to determine Tru-View's indemnity obligations to DBR Finance and Feradyne. (ECF No. 89-1, PageID #492.)

## ANALYSIS

### I. Motion to Stay

DBR Finance seeks a stay pending *inter partes* review of the '535 patent because the review could simplify the issues in the case and would not prejudice Rugged Cross. (ECF No. 79, PageID #292.) Rugged Cross argues that a stay would be unduly prejudicial and presents a "clear tactical disadvantage" especially since the PTAB has not yet granted DBR Finance's petition for review. (ECF No. 88, PageID #409.)

#### I.A. Governing Legal Standard

To illustrate their respective positions, both parties provide extensive string cites to cases granting or denying a stay pending the PTAB's institution of *inter partes* review. (ECF No. 88, PageID #417–18; ECF No. 91, PageID #510–11.) District courts within the Sixth Circuit express no clear preference on whether to stay proceedings pending *inter partes* review. *See, e.g., Horizon Global Am., Inc. v. Curt Mfg., LLC*, No. 2:17-cv-11879, 2019 WL 875416, at *3 (E.D. Mich. Dec. 14, 2019) (discussing the "liberal policy" of granting motions to stay pending the outcome of USPTO proceedings); *Malibu Boats, LLC v. Nautique Boat Co., Inc.*, No. 3:13-cv-656, 2014 WL 3866155, at *3–5 (E.D. Tenn. Aug. 16, 2014) (denying a motion to stay, in part because *inter partes* review had not yet been granted).

From this body of case law, it is clear that the Court has to broad discretion to decide whether a stay is appropriate pending an *inter partes* review proceeding. *See*

5

*Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602–03 (Fed. Cir. 1985); *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (noting that a court's authority to stay litigation is "inherent" and "discretionary"). The moving party bears the burden of showing the propriety of a stay. *VPR Brands, LP v. MONQ, LLC*, 599 F. Supp. 3d 714, 717 (M.D. Tenn. 2022) (citation omitted). In considering whether to stay a case, courts consider several factors including whether: (1) discovery is complete and a trial date has been set; (2) a stay would simplify the issues in the case or conserve judicial resources; and (3) a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See id.*

**I.B.  Application**

Rugged Cross does not dispute that given the case's infancy in the Northern District of Ohio, a stay should be favored. The parties have not completed any substantial discovery or briefed claim construction, and the Court has not scheduled a *Markman* hearing. While the Western District of Wisconsin has set a case management schedule (ECF No. 48), those dates are not controlling in this matter. The Court has yet to set its own schedule, which given the procedural history here, will extend well beyond those in Wisconsin.

Also, Rugged Cross does not dispute that if the PTAB undertakes *inter partes* review, it *might* simplify the action. *See Apple Inc. v. Vidal*, 63 F.4th 1, 7 (Fed. Cir. 2023) (describing the determination to institute *inter partes* review proceedings as an "all-or-nothing" undertaking requiring the PTAB to review every ground of unpatentability on every claim). DBR Finance filed a petition seeking review of every claim of the '535 patent—the only patent at issue in this case—and review of the

6

patent's validity could obviate the issue of infringement and narrow the case. *See VirtualAgility, Inc. v. Saleforce.com*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

However, the PTAB has not yet instituted *inter partes* review. *See id.* at 1316 (recognizing that the case for a stay is stronger after the PTAB has decided to institute review proceedings); *Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-cv-552, 2013 WL 4830950, at *3 (S.D. Ohio Sept. 10, 2013) (noting that filing of a petition for *inter partes* review by itself does not simplify the issues in question).

Rugged Cross argues that the PTAB may be unlikely to grant review of the petition because of the disputed relationship between DBR Finance and Feradyne. (ECF No. 89, PageID #479.) But Rugged Cross's speculation over whether the PTAB will grant review is no more persuasive at this juncture than DBR Finance's speculation about how *inter partes* review might simplify the case.

Regardless of whether the Court grants a stay, a decision from the PTAB whether to review the petition is not expected until June 2024. *See* 35 U.S.C. § 314(b) (outlining the timing of petition decisions). Even if the PTAB undertakes a review of the petition, a final decision would not be expected until June 2025. *Id.* § 316(a)(11). Moreover, the results of an *inter partes* review do not make any binding determination regarding the liability of one party to another. *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1378 (2018).

Considering the "totality of the circumstances," *Proctor & Gamble*, 2013 WL 4830950, at *2 (citation omitted)—including the concurrent ongoing litigation over this patent in two other district courts and the disputed liability relationships

7

between DBR Finance, Feradyne, and third-party Tru-View—the Court is unwilling to hold this case in limbo waiting for a decision from the PTAB over whether to institute review. The patent venue statute encourages piecemeal litigation where patent holders, like Rugged Cross, must litigate the same patent in multiple places at once. In the face of this statutory command from Congress, the Court finds that a stay would prejudice Rugged Cross's efforts to litigate the validity of its patent with no assurance of *inter partes* review or a final determination arising from it, if granted, any time reasonably soon. Accordingly, the Court **DENIES** DBR Finance's request for a stay pending *inter partes* review.

## II. Motion for Leave to Amend

When a party seeks leave to amend a pleading, Rule 15(a) instructs district courts to grant it "freely" when justice so requires. Fed. R. Civ. P. 15(a). But amendment after the deadline in a scheduling order requires good cause. Fed. R. Civ. P. 16(b); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020*); Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (requiring a plaintiff to "meet the higher threshold for modifying a scheduling order found in Rule 16(b)"). Maintaining this cutoff date ensures that, at some point, both the parties and the pleadings will be fixed. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

To satisfy Rule 16, a plaintiff must show good cause "for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). Primarily, good cause measures the moving party's diligence in attempting to meet the schedule. *Garza*, 972 F.3d at 879. But courts also consider

prejudice to other parties by virtue of an amendment after the deadline. *Id.*; *Leary*, 349 F.3d at 906.

### II.A.  Rule 15

At this point, the Court has not entered a case management schedule. The Western District of Wisconsin set a deadline of March 31, 2023, for the parties to amend the pleadings, almost three months before Rugged Cross and Feradyne jointly moved to add DBR Finance as a party. DBR Finance emphasizes that the "procedural baggage" that comes with transferring a case should prevent Rugged Cross from amending the complaint. (ECF No. 77, PageID #281.) But that schedule does not control in this separate case. Indeed, the parties do not expect to follow the case management order from the Wisconsin court—the proposal in their Rule 26(f) report substantially differs. It also includes a proposed deadline for amending the pleadings of March 30, 2024.

Because the case has been pending in the Northern District of Ohio for only a short period of time, and because the parties propose a March 30, 2024 pleading deadline, the Court finds that the liberal amendment standard of Rule 15 applies. *See* Fed. R. Civ. P. 15(a)(2) (stating that pleading amendments should be "freely given when justice so requires").

Even so, the present procedural posture supports a finding of good cause in any event. First, the movement back and forth between the Western District of Wisconsin and the Northern District of Ohio to commence this separate suit here risks depriving Rugged Cross of an opportunity to state its claims against DBR Finance. Rugged Cross has not unreasonably delayed in seeking to amend, and amendment at this

9

stage of the proceedings will not prejudice DBR Finance. Although adding an indirect patent infringement claim could change the damages analysis, any such change at this stage of the proceedings does not counsel against amendment or prejudice DBR Finance. In some circumstances, it might. *See, e.g.*, *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986); *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). But the amendment comes at the outset of the litigation, before discovery, and DBR Finance had notice of Rugged Cross's intention to add this claim in September 2023 before the initial transfer.

### II.B. Futility

A proposed amendment is futile unless it can survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Unless an amendment is plainly futile, arguments regarding the legal sufficiency of the claim "are better addressed in the context of a motion to dismiss the amended complaint" rather than a denial of leave to amend the complaint. *See Stuckey v. Online Res. Corp.*, No. 2:08-cv-1188, 2010 WL 11565402, at *2 (S.D. Ohio Nov. 1, 2020) (citing Wright & Miller, § 1487).

DBR Finance argues that Rugged Cross's intended amendment would be futile because, if Rugged Cross prevails, a claim for indirect infringement would allow a double recovery for Rugged Cross. (ECF No. 77, PageID #282.) DBR Finance characterizes the amendment as rising and falling with Feradyne's liability for direct infringement on the patent in the Wisconsin litigation. (*Id.*) Rugged Cross argues that DBR Finance's liability "is not limited to the sale of its Rhino 180 inventory to

10

FeraDyne" but extends to DBR Finance's role in encouraging and assisting in FeraDyne's sales and its agreement to "indemnify and defend" Feradyne for any losses resulting from this suit. (ECF No. 84, PageID #333–34.) Further, Rugged Cross argues that it is "entitled to a reasonable royalty" jointly or severally from either one of the Defendants, and it is not seeking recovery from each Defendant for the sale of the same product. (*Id.*, PageID #334.)

The mere possibility of double recovery does not render an amendment futile, because a "jury is not prohibited from allocating a total damages award between different theories of recovery." *Johnson v. Howard*, 24 F. App'x 480, 485 (6th Cir. 2001) (citing *Gentile v. County of Suffolk*, 926 F.2d 142, 154 (2d Cir. 1991)). Here, the proposed amendment creates a different theory of recovery. If Rugged Cross prevails, depending on the theory of liability on which it ultimately succeeds, DBR Finance might be jointly and severally liable with Feradyne.

At this point, however, any concern about double recovery is too premature and theoretical, and any solution would likely turn on factual issues or determinations that are not evident at this stage of the proceedings. If double recovery becomes an issue after a judgment, the Court has the traditional tools of setoff or a remittur of damages available if necessary. *See Textron Fin., Inc. v. Bash*, 5:12-cv-987, 2019 WL 3290257, at *7 (N.D. Ohio July 22, 2019) (describing that the best way to address potential double recovery issues as allowing the jury to award damages first, then having the court address the necessity of a setoff); *Contract Design Grp., Inc. v. Wayne State University*, 635 F. App'x 222, 231, 233 (6th Cir. 2015) (reversing and instructing

11

the district court to remit the jury's improper award of double recovery to plaintiffs in a breach of contract case). Accordingly, Rugged Cross's proposed amendment is not futile.

## CONCLUSION

For all these reasons, the Court **DENIES** DBR Finance's motion to stay the proceedings pending *inter partes* review (ECF No. 78) and **GRANTS** Rugged Cross's motion for leave to amend the complaint (ECF No. 74). Further, the Court **ORDERS** Rugged Cross to file and serve its amended complaint forthwith.

**SO ORDERED.**

Dated: February 20, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio